## DUBIE v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
June 21, 1928.

No. 2202.

Conspiracy ⊜48—Intoxicating liquors ⊜238 (1)—Question of guilt of selling and transporting liquor and conspiring to sell and transport it held for jury.

In prosecution for selling and transporting intoxicating liquor, and of conspiring with another to sell and transport it, evidence *held* sufficient to take case to jury, where jury was warranted in finding that scheme of defendants was to let one of conspirators take punishment for both.

In Error to the District Court of the United States for the District of Maine; John A. Peters, Judge.

Joseph Dubie was convicted of selling and transporting liquor, and of conspiring to sell and transport liquor, and he brings error. Affirmed.

Harry E. Nixon, of Portland, Me., for plaintiff in error.

Frederick R. Dyer, U. S. Atty., William W. Gallagher, Asst. U. S. Atty., both of Portland, Me.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. Under two indictments, Dubie was convicted of the illegal sale and transportation of intoxicating liquor, and of conspiring with one Corcoran unlawfully to sell and transport intoxicating liquor.

Dubie and Corcoran were, by agreement, tried together. The only exception saved was to the refusal of the court to order a verdict for Dubie. The case is here submitted on briefs. Dubie's counsel now concedes that there was evidence warranting his conviction of illegal transportation. Examination of the record shows that the court below was clearly right in submitting the case to the jury and charging them that the main question was merely one of veracity; that, if the government's witnesses were believed, the defendant was guilty of sale and of conspiring.

A bare outline of only a part of the evi-

dence is enough to show that the defendant's contention is frivolous.

Dubie kept a pool room in Portland. On June 20, 1927, two prohibition agents went to this pool room and told Dubie they wanted to buy a case of liquor. One of the agents showed a card representing him as a salesman of a motor company, apparently presented and received as in the nature of a voucher that he was a genuine customer for liquor. After some hesitation, Dubie said that he did not handle liquor, but would introduce them to a man who would sell them all they wanted. Thereupon he went across the room, came back with Corcoran, and introduced him, stating that the two agents were all right. The result was an arrangement to buy a case of whisky for $90. The two agents and Corcoran drove out to Deering Oaks, a park in Portland, and, after a short absence, Corcoran reappeared with the whisky and received the agreed price of $90.

On July 18, 1927, one of the same agents went again to Dubie's pool room and there found Corcoran, and, after some haggling about the price, arranged for another purchase of two cases of Scotch whisky, to be delivered at Deering Oaks. It was there delivered in a car driven by Dubie, and Dubie and Corcoran were then arrested, and the liquor and car seized.

Dubie and Corcoran both took the stand. Their evidence warranted the jury, as the court below in effect charged, in finding that their scheme was "to let one of the conspirators take the punishment for both." But it is too plain for discussion that, without resorting to the abundant evidence, admitted without objection, of the previous criminal record of both defendants, it was for the jury to say whether the defendants or the government's representatives were to be believed. Evidence of the excessive indulgence in drinking by these agents, and of their joining with one of the defendants in ribald singing at Corcoran's house, had no controlling tendency to discredit their testimony.

The judgment of the District Court is affirmed.